THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAYLOR'S LANDING, LLC, a Washington corporation, | No.: CV05-935 JCC |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |
| ALLSTATE INSURANCE CORP., a foreign corporation, | **NOTED:  March 20, 2006** |
| Defendant. | |

To expedite and facilitate the production of confidential, proprietary, or private information and protect from use for any purpose other than prosecuting this litigation, the parties in the above captioned lawsuit hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Regarding Confidential Information ("Order").

## I.  DEFINITIONS.

1.    The "**Action**" shall mean and refer to the above-entitled action *Taylor's Landing, LLC v. Allstate Insurance Corp.,* No. CV05-935 JCC (W.D. Wash).

2.    "**Party**" or "**Parties**" shall mean and refer to any party in the above-entitled action, including all of such party's officers, directors, employees, consultants, retained experts, inside and outside counsel, as well as support staff of such.  "**Non-Party**" or "**Non-**

**Parties**" shall in turn mean any individual or entity that is not a party in the above-entitled action.

3. "**Information**" shall mean all written, recorded, electronic, or graphic matter whatsoever, whether produced in response to discovery request or to non-party subpoena, and whatever the medium on which it is produced or reproduced, including but not limited to deposition transcripts and exhibits, and any portions of any court papers that quote from or summarize any of the foregoing. "**Information**" shall also include all such matters disclosed in deposition testimony, answers to interrogatories and/or responses to requests for admission or any other disclosure of information.

4. "**Producing Party**" or "**Producing Non-Party**" shall mean any Party or Non-Party producing or providing Information pursuant to discovery request or subpoena in this action that is designated Confidential Information under the terms of this Order.

5. "**Receiving Party**" shall mean any Party receiving Information pursuant to discovery request or subpoena in this Action that is designated Confidential Information under the terms of this Order.

6. "**Confidential Information**" shall mean Information that implicates privacy interests or contains commercially sensitive, trade secret, or other proprietary information generally treated as confidential.

## II. PROTECTIVE ORDER.

1. Confidential Information. Any Producing Party or Producing Non-Party may designate as "Confidential Information" any Information that he, she or it reasonably and in good faith believes contains commercially or personally sensitive, trade secret, or other proprietary information or information that implicates privacy interests, including without limitation financial data, technical information, proprietary or nonpublic commercial information, and other commercially and/or competitively sensitive information of a nonpublic nature, or information received on a confidential basis.

2.    <u>Designation of Information</u>.  Designation of Confidential Information may be accomplished by the Producing Party or Producing Non-Party affixing the legend "CONFIDENTIAL" on the Information.  If only a portion or portions of the Information qualifies for protection under the standards set forth herein, the Producing Party or Producing Non-Party must clearly identify the protected portion(s) as appropriate.  Information qualifying for protection under this Order must be clearly designated CONFIDENTIAL before the Information is disclosed or produced.

3.    <u>Designation of Testimony</u>.  Testimony of any Party or Non-Party, whether elicited during depositions, hearings, or other proceedings, and any transcript of such testimony, shall be deemed Confidential Information from the time such testimony is given until thirty (30) days after receipt by the person giving testimony, or counsel for such person, of a transcript of the testimony unless the Parties expressly agree otherwise.  No portion of such testimony, or of the transcript of such testimony, shall be Confidential Information subject to the protections of this Order after the thirtieth (30th) day after receipt of a transcript unless, within such thirty (30) day period, the person giving testimony, or counsel for such person, serves on counsel for all Parties and the court reporter written designation of the testimony entitled to protection under the standards of this Order.  Transcripts containing Confidential Information protected under this Order must be separately bound with the appropriate legend (i.e., "CONFIDENTIAL"), affixed to each page appropriately designated as such.

4.    <u>Exercise of Restraint in Designations</u>.  The Parties recognize that Local Civil Rule 5(g)(1) provides, among other things, that "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review."  Each Party or Non-Party that designates Information for protection under this Order shall take care to limit any such designation to specific material qualifying for protection under the standards set forth herein.

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Party's or Non-Party's attention that Information that it has designated for protection does not qualify for such protection, that Party or Non-Party must promptly notify all other parties, in writing, that it is withdrawing the mistaken designation.

5. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information as Confidential Information does not waive the Producing Party's or Producing Non-Party's right to secure protection as appropriate under this Order. If Information is appropriately designated after it was initially produced, the party receiving the Information, on timely notification of the designation, must make reasonable efforts to ensure that the Information is treated in accordance with the provisions of this Order. However, disclosure of such Information prior to the later designation shall not be deemed a violation of the Order.

6. <u>Use of Information</u>. Information appropriately designated under the standards as set forth in this Order may be cited in discovery requests and responses in this Action, and may be used in depositions and marked as deposition exhibits in this Action, provided that the confidentiality of the documents and information is maintained as required by this Order. Information obtained hereunder may be used by counsel in pleadings and motions presented to the Court and as evidence at hearings or at trial, subject to the Rules of Evidence, provided that such Information and any pleadings or papers containing references to such Information comply with Local Civil Rule 5(g) and be stamped – prior to filing or submission – "CONFIDENTIAL – FILED UNDER SEAL" and be separately filed under seal with the clerk. Any Information or pleadings or papers filed under seal shall be accompanied by a written identification of the nature and volume of such documents so that the Court may be apprised at the time of filing what is being filed under seal. Until such time as the Court rules that materials filed under seal shall be unsealed and made a part of the public record, the materials and any information contained therein shall not be divulged or made public, nor shall the contents be revealed to anyone other than the persons identified in Paragraph 8

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

Page 4

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

below.  However, nothing contained herein shall preclude a Party from challenging the Producing Party's or Producing Non-Party's designation of Information as "Confidential Information" or the filing of such Information under seal with the Court.

7.      Use of Confidential Information in Open Court.  Nothing contained in this Order shall be construed to prejudice any Party's right to use at trial or in any open hearing before the Court any Confidential Information appropriately designated as such under the terms of this Order.  However, reasonable notice of the intended use of such Confidential Information shall be given to opposing counsel to enable the Parties to arrange for proper safeguards.

8.      Disclosure of Confidential Information.  All Confidential Information produced or disclosed in this Action shall be used only for the purposes of prosecuting, defending, or settling this Action, and shall not be disclosed or used for any business, commercial, or competitive purposes whatsoever.  The Parties shall not disclose such Confidential Information except as otherwise provided herein to any person other than:

(a)      the Court and court personnel, including any appellate court to which an appeal may be taken or in which review is sought;

(b)      inside and outside counsel of record to any Party in this Action, including such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as necessary to assist counsel in the prosecution, defense or settlement of this Action;

(c)      other counsel retained by a Party to assist in the prosecution, defense or settlement of this Action;

(d)      the Parties and those members, officers, directors, employees, agents, consultants and representatives of any Party to this Action whose access to such Confidential Information is reasonably necessary for the conduct of this Action;

(e)      deposition, trial, or potential witnesses in this Action and their counsel;

(f)     consultants and experts (and their employees and support staff) and other such persons used or retained for the purpose of assisting in the prosecution and/or defense of this Action;

(g)     jurors;

(h)     deposition and trial court reporters;

(i)     authors, addressees or other persons who are indicated on a designated document or item as having previously received access during the ordinary course of business; and

(j)     outside litigation support vendors of the Parties, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators.

Any person other than the Court and court personnel and the attorneys of record for any Party who is to be provided with Confidential Information or access thereto must first execute and return to counsel of record for the Party from whom the person is receiving the Confidential Information or access thereto an "Acknowledgment and Declaration" in the form appended to this Order as Exhibit A.  However, nothing in this Order shall restrict a Party or Non-Party or its counsel from using or disclosing information which:  (a) is already public knowledge; (b) becomes public knowledge other than as a result of disclosure by the Party or Non-Party receiving the Information; or (c) they already possess or acquire in the future independent of the formal discovery process in this Action.

9.     <u>Right to Challenge Designations</u>.  Nothing contained in this Order, nor any action taken in compliance with it, shall prejudice in any way the right of any Party to challenge a Producing Party's or Producing Non-Party's designation of Information as Confidential Information and to seek the Court's determination by way of motion whether or not particular Information should be subject to the terms and protection of this Order.  The Producing Party and Receiving Party shall confer in good faith to resolve any such

disagreements.  A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed unless there is inexcusable delay that substantially prejudices the Producing Party or Producing Non-Party.  In addition, any Party may request the Court to modify or otherwise grant relief from any provision of this Order.

10.   Due Care.  The recipient of any Confidential Information entitled to protection under the terms of this Order shall exercise due and proper care with respect to the storage, custody and use of all such Confidential Information to ensure that access is limited to the persons authorized under this Order.  If a Party or Non-Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or entity or in circumstances not authorized in this Order, said Party or Non-Party must immediately:  (a) use its best efforts to retrieve all copies of the Confidential Information; and (b) request that the person(s) or entity(ies) to whom the disclosures were made execute an "Acknowledgment and Declaration" in the form attached hereto as Exhibit A.

11.   Subpoena or Other Order to Produce Confidential Information.  In the event any Party or Non-Party having possession, custody or control of any Confidential Information produced or disclosed in this Action receives a subpoena or other process or order to produce such Confidential Information in another action or proceeding, such Party or Non-Party shall promptly notify the Producing Party's or Producing Non-Party's counsel, if any, or the Producing Party or Producing Non-Party if none, in writing, including a copy of said subpoena or other process or order prior to production of such Information.  The Party or Non-Party receiving the subpoena or other process or order shall be entitled to comply with said process or order except to the extent the Producing Party or Producing Non-Party is successful in obtaining an order modifying or quashing it.  However, the Party or Non-Party receiving the process shall give the Producing Party or Producing Non-Party a reasonable opportunity to obtain a protective order and shall not disclose any Confidential Information until such reasonable opportunity has been afforded.  The Producing Party or Producing

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION

Page 7

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

Non-Party seeking to protect the Confidential Information from disclosure shall bear all the burdens and expenses of obtaining a protective order.

12.   <u>Final Disposition</u>.  Within ninety (90) days after final termination of this Action, including termination of all appellate proceedings, counsel of record for each of the Parties shall return to the Producing Party or Producing Non-Party, or certify in writing the destruction of, all Confidential Information in its possession, except counsel of record for the Parties may retain, for archival purposes and subject to the terms and conditions of this Order, an archival copy of such information attached to any pleadings or other papers filed with the Court in this Action in order to maintain a complete record of the litigation. Nothing herein shall require destruction of any work product of any Party's counsel of record.

13.   <u>Agreement of Parties</u>.  Notwithstanding any other provision of this Order, a Producing Party may, by agreement in writing with any adverse Party to this Action, permit the use or dissemination of the Producing Party's Confidential Information in any manner to which these Parties agree.  However, nothing contained in this Order shall restrict the Producing Party's or Producing Non-Party's use or disclosure of its own Confidential Information.

14.   <u>Additional Parties</u>.  In the event that additional persons or entities become Parties to this Action, they shall not have access to Confidential Information until this Order has been amended, with the Court's approval, to govern such additional persons or entities.

15.   <u>No Waiver</u>.  Execution of this Order by any Party shall not waive any objections to discovery, including but not limited to, objections based on privilege, privacy, trade secret, or any other ground permitted under the relevant rules, that a Party may otherwise have.  Nor shall this Order constitute a waiver of any Party's right to seek further and additional protective orders from the Court.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order, nor

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION                                    Page 8

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

does compliance with this Order constitute an admission or agreement that any Confidential Information is, in fact, confidential.

16.   <u>Duration</u>.  This Order shall remain in force and effect until modified, superseded, or terminated by the Court or by agreement of the Parties with the approval of the Court.  This Order shall be incorporated by reference into any final order, final decree, or final award entered by the Court.

17.   <u>No Retroactive Effect</u>.  This stipulation and protective order does not apply to documents already produced or testimony already given, so no Party or Non-Party may designate as Confidential Information any documents produced or testimony given prior to the date this stipulation was entered into by the Parties.  However, this paragraph shall not prevent any Party or Non-Party from seeking to protect documents or testimony by separate motion filed with the Court.

SO STIPULATED AND AGREED TO BY:

DATED this _____ day of _____, 2006.

BULLIVANT HOUSER BAILEY PC                MILLS MEYERS SWARTLING

By_____        By_____
Robert F. Riede, WSBA #15386              Bruce Winchell, WSBA 14582
                                          Geoffrey M. Grindeland, WSBA 35798
Attorneys for Defendant Allstate Insurance
Corp.                                     Attorneys for Plaintiff Taylors Landing, LLC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this <u>20th</u> day of March, 2006

                        /s/ Judge James L. Robart_____
                        UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND DECLARATION**

I, _____, declare under penalty of perjury that I have received

a copy of and have read in *Taylor's Landing, LLC v. Allstate Insurance Corp.,* No. CV05-

935 JCC its entirety and understand the Stipulated Protective Order Regarding Confidential

Information issued by the United States District Court for the Western District of

Washington in (W.D. Wash.) ("Order").  I agree to comply with and to be bound by all the

terms of the Order unless and until modified by further order of the Court.  I will not use or

disclose or knowingly permit to be disclosed to anyone any of the contents of any

Confidential Information received under the protection of the Order.  I understand that the

Confidential Information shall be used only for the purpose of the proceedings in that or a

related action or arbitration and shall be returned to counsel who provided them to me, all in

accordance with the Order.

I consent to the jurisdiction of the United States District Court for the Western

District of Washington for the purpose of enforcing the terms of the Order.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Executed this ____ day of March, 2006, at _____, Washington..

TAYLOR'S LANDING, LLC.

By:_____
Printed Name: _____

Its:_____

3483621.1

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930